**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| ANAGRAM INTERNATIONAL, LLC,<br>        Plaintiff<br><br>        v.<br><br>THE PARTNERSHIPS AND<br>UNINCORPORATED ASSOCIATIONS<br>IDENTIFIED ON SCHEDULE "A",<br>        Defendants | No. 24-cv-10653<br><br>Judge Jeremy C. Daniel |

**ORDER**

The amended complaint [20] is dismissed without prejudice for misjoinder. The plaintiff has fourteen days from the entry of this order to file an amended complaint naming an appropriate defendant or group of properly joined defendants. The plaintiff's motion for leave to file under seal [12] is granted. All other pending motions [13, 14] are denied as moot.

**STATEMENT**

The plaintiff seeks to join 47 defendants in this infringement action. Concerned that joinder was not proper, the Court directed the plaintiff to file a supplemental memorandum addressing the propriety of joinder. Having considered the plaintiff's arguments, the Court finds that joinder is not proper and dismisses the complaint without prejudice.

Rule 20 allows a plaintiff to join multiple defendants in an action where (1) "any right to relief is asserted against [the defendants] jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and (2) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2); *see also UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018). "[U]nder Rule 20, district courts have discretion, with 'considerable flexibility in managing and structuring civil litigation for fair and efficient resolution of complex disputes.'" *Cont'l Indem. Co. v. BII, Inc.*, 104 F.4th 630, 645 (7th Cir. 2024).

Here, the plaintiff contends that the defendants are "a group of interconnected online merchants that sell a specific combination of balloons and use the following unique phrase/typo in the product title . . . ." (R. 23 at 2.) The plaintiff further contends that

the defendants all sell "identical, specifically arranged combinations of balloons featuring" the plaintiff's copyrighted artwork. (*Id.*) According to the plaintiff, such uniformity across products and product descriptions are not "mere coincidence" and indicate "a shared origin of infringing designs or some form of coordination among the defendants." (*Id.* at 3.)

These arguments are not persuasive. This lawsuit accuses the defendants of unlawfully copying the plaintiff's artwork. The amended complaint paints the defendants as opportunists who trade on others' work for profit. There is no reason to believe that such defendants would stop at copying the plaintiff's work. That is, there is no reason to believe that such defendants wouldn't copy each other's work too. More importantly, there is nothing in the record or in this Court's experience with cases such as this one to discount that notion. Standing alone, similarities in product descriptions, including those with the same errors, do not establish that defendants are working together.

The same is true for defendants who offer identical products. It may well be that the defendants have a common source of supply for their allegedly infringing products. But that does not mean that the defendants are coordinating their efforts. As the Court understands the argument, the defendants' coordination would either render them jointly and severally liable or the coordination would render each defendant's allegedly infringing conduct part of a series of transactions or occurrences. But, to borrow from the "hub-and-spoke conspiracy" context, there needs to be a "rim" connecting the various defendants. *See*, *e.g.*, *Marion Healthcare, LLC v. Becton Dickinson & Co.*, 952 F.3d 832, 842 (7th Cir. 2020)(describing a hub-and-spokes conspiracy). Products similarities, at best, suggest that the defendants have the same supplier. It says nothing about whether Defendant A coordinated with, or even knows about, Defendant B. As such, the plaintiff has not established that the defendants are jointly and severally liable or that each defendant's alleged infringement is part of a series of transactions or occurrences.

The plaintiff also argues that "imposing an overly rigid standard for proving coordination would be counterproductive to the interests of justice." The rule establishes the standard. The plaintiff must meet that standard. Once the plaintiff meets that standard, the Court may exercise its discretion and permit joinder. The Court has no discretion to bypass the standards set forth in Rule 20. Because the plaintiff has not shown that "any right to relief is asserted against [the defendants] jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," the Court is not in a position to exercise its discretion.

The plaintiff also argues that "such a rigid standard would place an unreasonable burden on plaintiffs, who lack the resources to uncover hidden communications or agreements among swarms of infringers at the pleading stage." (R. 23 at 4.) This

2

argument leaves much unsaid. What the plaintiff means is that applying Rule 20 as written would disrupt the manner in which plaintiffs litigate cases such as this one. For instance, it would disrupt plaintiffs' ability to seek *ex parte* injunctive relief against dozens, and sometimes hundreds, of defendants at once. An essential feature of that injunctive relief is an asset freeze that all but guarantees plaintiffs some measure of recovery. To obtain that relief, plaintiffs often plead both equitable monetary relief and statutory damages. Experience shows that plaintiffs almost always opt for statutory damages. Statutory damages would not support the asset restraint plaintiffs' always seek in these cases. As with plaintiffs' joinder-related allegations in cases such as this one, (*see* R. 18), there is reason to question plaintiffs' sincerity when they plead equitable monetary relief in this context. But the rules require deference to the allegations, and the Court trusts that plaintiffs comply with Rule 11, which means that the practice persists.

But this is no reason to bypass the standards set forth in Rule 20. If a plaintiff lacks sufficient information to properly establish joinder, it can file multiple cases and, should discovery support joinder, seek to consolidate those cases. Alternatively, a plaintiff may file a case against one plaintiff, obtain discovery, and then amend its complaint to add additional defendants that discovery establishes are properly joined. Contrary to the plaintiff's suggestion, litigation, as contemplated by the rules, cannot place an unreasonable burden on plaintiffs.

Further, any suggestion that overlooking the requirements of Rule 20 serves judicial economy fails. The Court must still review infringement contentions as to each defendant, whether the defendants are joined in one case or sued individually. Because the Court does the same work, this does not improve efficiency. Experience has shown that allowing dozens and even hundreds of defendants to be joined in one case undermines judicial economy. In addition to evaluating the plaintiff's evidence as to each defendant, the Court must keep track of each defendant's filings. While true that many defendants default in Schedule A cases, there are times when multiple defendants appear, seek different relief, require multiple hearings on varying motions, have different dates, and so on. This creates friction within the case that complicates the "managing and structuring civil litigation for fair and efficient resolution of complex disputes." In short, Schedule A cases can quickly become unwieldy. Therefore, the Court requires plaintiffs to establish the propriety of joinder under Rule 20. If they do not, which the plaintiff here has not, then they must file an amended complaint naming an appropriate defendant or group of properly joined defendants.

Date: November 15, 2024

_____
JEREMY C. DANIEL
United States District Judge

3